1  Joey DeLeon, Esq.  (SBN #150974)
   3501 Jamboree Road, North Tower, Fifth Floor
2  Newport Beach, CA 92660
   Telephone: (949) 509-423l,   Fax: (949) 854-0676
3  Attorney for Downey Savings And Loan Association, F.A.

4

5

6

7                    UNITED STATES BANKRUPTCY COURT

8           NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

9

10  In re:                                    )   CHAPTER:  13
                                              )
11  RONALD & CHERYL LOPEZ                     )   CASE NO.:  05-54399 ASW
                                              )
12                                            )   RS No. **JDL-41**
                          Debtor(s)           )
13  _____       )
    DOWNEY  SAVINGS  AND  LOAN  ASSOCIATION,  )
14  F.A.                                      )   **MOTION FOR RELIEF**
                          Movant              )   **FROM STAY**
15  v.                                        )
                                              )   Date & Time:  4/30/2008 @ 10:30 a.m.
16  RONALD  &  CHERYL  LOPEZ,  Debtor(s),  and )  Judge:  A. Weissbrodt
    DEVIN DERHAM-BURK, Trustee               )   Department:  3020
17                                            )   Court Addr: 280 S. 1st St., San Jose, CA
                                              )
18                        Respondent(s)       )
                                              )
19  _____       )

20         Downey Savings and Loan Association, F.A. ("Downey") moves this court for an order

21  granting relief from the stay under 11 U.S.C. §362(a). Downey is the beneficiary under a

22  Promissory Note secured by a Home Equity Line of Credit Agreement secured by a second Deed

23  of Trust on real property commonly known as **3261 Vistamont Drive, San Jose, CA** (the

24  "Property"), which is a single family residence that is  occupied by Debtor. Copies of Downey's

25  Home Equity Line of Credit Agreement and Deed of Trust are filed as **Exhibits "A" and "B"** to

26  this Motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and

27  §1334. This motion is brought for cause under §362(d)(1), and is based upon the facts and points

28

and authorities set forth below. ***Downey requests that the Court take judicial notice of the Debtor's Schedules and other documents filed in this case, which were signed by Debtor under penalty of perjury***, in support of this Motion, and as evidence, among other things, that Debtor is not currently on active duty in the armed forces.

**I.**

**CAUSE EXISTS FOR GRANTING RELIEF FROM STAY
AS DOWNEY HAS BEEN DENIED ADEQUATE PROTECTION**

Downey has not received the post-petition regular monthly payments, and applicable late charges, to accrue for the months of **November 2007 through April 2008.** Each such payment is due on or before the first day of the month during which the same shall accrue, and a late charge of 5% accrues with respect to any payment not timely made. A true and correct breakdown of the post-petition sums due is attached as **Exhibit "C"** hereto. In addition, according to information of public record available to Downey, post-petition property taxes for the second installment of the 2007-08 tax year have not been paid. A true and correct copy of the property tax print out is filed as **Exhibit "D"** to this Motion.

Debtors' failure to make the aforesaid payments <u>creates</u> defaults, rather than maintains the status quo, constitutes a default under Debtors' confirmed Chapter 13 Plan, denies Downey adequate protection, and further erodes Downey's secured lien so that it is now in a worse position than when the Petition was filed. To continue the Stay in effect would permit the exacerbation of that default while the Debtor has the continued use of the Property and pays nothing therefore. See <u>In Re Houston</u>, 32 B.R. 584, 587 (Bkrtcy S.D. N.Y. 1983); <u>Butner v. U.S.</u>, 440 U.S. 48, 55; 99 S.Ct. 914, 918; <u>In Re Virginia Foundry Co., Inc.</u>, 9 B.R. 493, 498 (U.S.D.C. W.D., V.A., 1981); <u>In Re Monroe Park</u>, 17 B.R. 934, 940 (U.S.D.C., D. Del., 1982). Therefore, cause exists for the granting of relief from the stay.

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; . . ."

11 U.S.C. §362(d)(1).

WHEREFORE, Downey prays for a formal Order of this Court as follows:

1.  That Downey is released from the Stay provided under 11 U.S.C. §362(a) with respect to the real property located at **3261 Vistamont Drive, San Jose, CA.**

2.  That the Order be binding in any pending and subsequent Bankruptcy cases filed by Debtor(s), or either of them, irrespective of the Chapter and/or any conversion thereof.

3.  That the 10 day waiting period under Bankruptcy Rule 4001(a)(3) is waived.

4.  For attorney's fees and enforcement costs as authorized by Downey's Deed of Trust.

5.  For such other and further relief as the Court may deem just and proper.

DATED:   April 14, 2008                /s/  *Joey DeLeon*
                                       Joey DeLeon, Attorney for Movant